NOT RECOMMENDED FOR PUBLICATION
File Name: 26a0138n.06

No. 25-1635

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Mar 13, 2026
KELLY L. STEPHENS, Clerk

EMCO CORPORATION,

    Plaintiff-Appellee,

v.

ARMOR MACHINE & MANUFACTURING
LTD.,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE EASTERN
DISTRICT OF MICHIGAN

OPINION

---

Before: THAPAR, BUSH, and MURPHY, Circuit Judges.

**JOHN K. BUSH, Circuit Judge.** In March 2022, Armor Machine & Manufacturing Ltd. agreed to buy a custom machine from EMCO Corporation for about $1 million. The parties agreed that Armor would pay EMCO "[a] 15% restocking charge . . . on returns." R. 4-4, March 10 Purchase Order, PageID 44.[1] The quote states that the machine would be delivered on "approximately" September 9, 2022, R. 4-2, Quote, PageID 28, and Armor's purchase order said that the machine would be delivered in "approximately[] 6–7 months," R. 4-4, March 10 Purchase Order, PageID 44. According to EMCO's terms and conditions, however, "[a]ny delivery or shipment dates . . . are estimated dates only, and such estimated dates may be modified from time to time at the discretion of EMCO." R. 4-3, Terms & Conds., PageID 36–37 (capitalization

---

[1] Armor claims this order is a forgery. But the district court properly found that Armor had admitted in discovery responses that Armor issued that order. Also, Armor explicitly admitted it did not add any terms and conditions to EMCO's own.

altered). Armor "[a]dmitted" that this caveat was part of the terms of the contract. R. 18-4, RFAs, PageID 169 (bolding omitted). On October 24, 2022, when the machine still had not shipped, the parties executed another purchase order calling for modifications to the machine.

Almost a month later (on November 16), EMCO updated Armor on the progress of the order. Armor's vice president, frustrated, accused EMCO of having "let [him] down" and missed on "delivery and price." R. 22-4, Emails, PageID 409. But he sent that email to a third party, not EMCO, and he did not cancel the contract. *Id.*

Almost two months later (on January 4, 2023), EMCO informed Armor that the machine was ready to ship. Dissatisfied by the delay, Armor refused to take any delivery and cancelled the contract. Over a year later (in May 2024), EMCO sold the machine to another buyer for about $860,000.

EMCO then filed a one-count complaint against Armor for breach of contract in the Eastern District of Michigan. The parties cross-moved for summary judgment; the district court granted EMCO's motion on liability but denied both motions in all other respects. The district court concluded that (1) Armor breached by refusing to accept the machine and (2) any delivery delay by EMCO was neither a breach of contract nor an act of bad faith. After a bench trial on damages, the district court concluded that Armor's refusal to accept the machine was not a return under the contract, so EMCO was entitled to damages exceeding the 15% restocking charge.

Armor now appeals, arguing that (1) EMCO's failure to deliver the machine in a timely fashion was either a breach or an act of bad faith and (2) EMCO is entitled only to the restocking fee because its rejection of the machine was a return. Our de novo review of the district court's legal conclusions reveals no error. *See T. Marzetti Co. v. Roskam Baking Co.*, 680 F.3d 629, 633 (6th Cir. 2012); *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008).

Nobody contests that Armor breached the contract, so the only question is whether its breach was excused. Because this is a contract for the sale of goods, we apply the Uniform Commercial Code, which Michigan has adopted at Mich. Comp. Laws §§ 440.1101 to 440.11102. *See Neibarger v. Universal Coops., Inc.*, 486 N.W.2d 612, 614–15 (Mich. 1992). The common law governs when the UCC, as adopted, does not provide a specific rule of law. *See* Mich. Comp. Laws § 440.1103(2).

In Michigan, a buyer is excused from performing a UCC-governed contract when the seller commits a "substantial breach" of contract. *Atlas Oil Co. v. Nassar*, No. 291092, 2010 WL 3389743, at *4 (Mich. Ct. App. Aug. 26, 2010) (per curiam). When, as here, the parties did not agree on a specific date of delivery, the date of delivery need only be reasonable. Mich. Comp. Laws § 440.2309(1). That means the item need be delivered "within a feasible timeframe." *Borsand Fam. Found. Inc. v. Woodward Ave. Grp. LLC*, No. 368456, 2025 WL 3083626, at *6 (Mich. Ct. App. Nov. 4, 2025) (per curiam). And if the contract does not indicate that time is of the essence, delay in performance often does not constitute substantial breach of the contract. *J. S. Evangelista Dev., LLC v. APCO, Inc.*, No. 357789, 2023 WL 2051174, at *4 (Mich. Ct. App. Feb. 16, 2023) (per curiam); *see also McCarty v. Mercury Metalcraft Co.*, 127 N.W.2d 340, 343 (Mich. 1964).

Any delay by EMCO does not excuse Armor's breach. Nowhere does the contract indicate that time is of the essence. Indeed, it says the opposite. It provides that the timelines were estimates and that EMCO could change the delivery date at will. Armor claims that because it told EMCO it had poured a pad for the machine, the parties knew time was of the essence. But that information did not tell EMCO the delivery needed to be soon, and it certainly did not override the contractual agreement to estimated timelines changeable at will. Moreover, in providing that the

delivery would be in approximately six or seven months, the contract contemplated that delivery would take place around September or October 2022. Yet, in October 2022, Armor asked for modifications to the machine. We struggle to see how delivery in October 2022 was commercially feasible when Armor asked for modifications to the machine that same month. And EMCO was ready to ship only two and a half months after the modification request. Any delay is therefore not a substantial breach of contract.

We similarly agree with the district court that EMCO complied with its obligation to act in "good faith in" the "performance" of the contract. Mich. Comp. Laws § 440.1304. The delay was caused by supply chain disruptions, not any desire to spite Armor or deprive it of the benefit of the bargain. Moreover, EMCO provided the changes called for in the October 2022 purchase order free of charge because of the delay. We struggle to see how anyone could conclude that EMCO acted in bad faith in these circumstances, and Armor has provided no evidence to the contrary.

Finally, the district court did not err in finding that EMCO was entitled to damages exceeding the amount of the restocking fee. The standard UCC remedy for a buyer-side breach is to "resell and recover" "the difference between the resale price and the contract price together with any incidental damages allowed under the" UCC. *Id.* §§ 440.2703(d), 440.2706(1). Armor tries to avoid paying EMCO's damages by arguing that it returned the machine, so EMCO is therefore entitled only to the restocking fee. But the district court found as a fact that Armor did not request to return the machine, that EMCO did not agree to accept a return, and that EMCO had not agreed to accept a 15% restocking fee as its sole remedy. Armor offers no basis for us to overturn these findings. Consequently, Armor must pay EMCO's damages.

Because the district court did not err when it found that Armor's breach is not excused and that the restocking fee did not limit EMCO's damages, we **AFFIRM**.